### BUSIC et, Plaintiffs-Appellants, v. THE PRUDENTIAL LIFE INSURANCE COMPANY, Defendant-Appellee.

Ohio Appeals, Second District, Franklin County.

No. 3547.   Decided February 17, 1944.

John H. Matthews, Columbus, for plaintiffs-appellants.
Carl H. Valentine, Columbus, for defendant-appellee

### OPINION

By THE COURT:

This matter is before this Court on appeal on questions of law and fact from a judgment of the Court of Common Pleas of Franklin County, in favor of the defendant.

Briefly, Dora Busic and Glenn L. Shafer allege that The Prudential Life Insurance Company on the 15th day of December, 1930, insured the life of Glenn L. Shafer in the sum of $500.00 as evidenced by its policy of insurance; that Dora Busic is designated as beneficiary and that Glenn L. Shafer at the time of the issuance of the policy was a minor of the age of about ten years, but at the time of the trial had passed his twenty-second birthday; that on or about the 19th day of July, 1940, the plaintiffs learned that the defendant claimed to have a lien against the policy in the sum of $35.00 based on a

purported loan dated July 27, 1938; that said purported loan was paid some person or persons unknown to the plaintiffs, and that they neither individually nor jointly ever made application or signed any instrument requesting said loan and never received, endorsed or negotiated a check purporting to have been issued in payment of said loan.

The defendant says that William H. Bigler was the authorized agent of the defendant company and still is such; that the signatures on the application and endorsement on the check described were falsely forged and uttered by the said William H. Bigler, while acting as the agent of the defendant company, and the proceeds thereof converted to his own use; that on the 19th day of July, 1940, plaintiffs made demand upon the defendant that the lien against the policy be cancelled and that the plaintiffs be discharged from any liability thereon, but defendant refused to cancel said lien.

As a second cause of action plaintiffs set up certain expenses involved in the litigation amounting in all to $300.00. Plaintiffs pray that the Court may declare the lien to be void and that the plaintiffs be discharged from any obligation thereon; that they may recover the sum of $300.00.

The defendant answered, admitting certain formal matters and that on the 15th day of December, 1930, it issued its policy by the terms of which it insured the life of the plaintiff, Glenn L. Shafer, in the sum of $500.00, and that the plaintiff, Dora Busic, grandmother of said insured, is the beneficiary. It admits that it claims to have a lien against the policy in the original sum of $85.00 based on the purported loan application, and that said purported loan was paid by the defendant's check, and it denies all other allegations.

A motion was made to strike the second cause of action, but the Court considered said motion as a demurrer and sustained the same and the action thereafter proceeded on the first cause of action.

The final entry in the Court below was that the Court, after due consideration, finds in favor of the defendant and against the plaintiffs, who thereupon filed a motion for a new trial which was overruled, and judgment is entered against the plaintiffs and in favor of the defendant. From this order appeal was taken to this Court.

The evidence tends to show the following facts, in addition to the admissions made: That in 1934 plaintiffs borrowed $25.00 on the policy and a check therefor was issued. The

validity of this loan was admitted. Thereafter, in 1938, an application was made for the loan of an additional $85.00 on the policy, which loan was granted and the company issued its check in that amount in the name of Glenn L. Shafer, and said check was cashed at the office of the insurance company. The plaintiffs deny that they ever made an application for this loan or ever endorsed the $85.00 check or received the money, and maintain that the $85.00 loan was not made to the plaintiffs and that the application for the loan and the endorsement of the check issued thereon were forgeries.

The only issue is whether or not the names of the plaintiffs-appellants were written by them on the application and the voucher, or are forgeries, and this presents the only question of fact.

Much evidence is introduced by plaintiff which they claim tends to show that the application and check were forged by the agent of the company. Equally pertinent testimony is introduced to the effect that Shafer made application for the $85.00 loan and received a check therefor which his grandmother endorsed and which he cashed at the office of the company. The evidence is sharply in conflict. Each side introduced expert testimony, one to the effect that the signatures were forged and the other side to the effect that they were genuine. The expert testifying in favor of plaintiff was a local handwriting expert whose evidence does not greatly impress the Court. The testimony on behalf of the insurance company was given by a New York handwriting expert of long experience who seemed to clearly grasp those points of difference which would indicate whether or not the signature may be genuine or a forgery. There is presented in the deposition a number of exhibits which are enlarged photographs of those signatures of Shafer and his grandmother, Mrs. Busic, which are conceded to be genuine, together with the photographs equally enlarged signatures of these two individuals which are questioned. These several photographs are so arranged and identified that one with careful study may compare them in an endeavor to ascertain which are genuine and which may be forged. We are prepared to say that we made a close and detailed examination of these exhibits as the same appear as enlarged photographs, as well as written on the several documents without enlargement. The evidence tending to show that the signatures in question were forger-

ies is very unsatisfactory. We understand why the trial Judge would hesitate to find that they were not genuine.

Judge Leach of the Common Pleas Court, trying the case in the absence of a jury, rendered a short opinion on October 28, 1942, which may profitably be quoted as follows:

"The facts upon which this case turns are squarely in dispute. After giving to the evidence and testimony the most thorough consideration of which the Court is capable, and after having applied every test as to the credibility known to the court, in an attempt to evaluate said testimony and evidence and to determine whether the weight of the whole evidence preponderates in favor of the plaintiff or of the defendant, the Court, after mature deliberation, is unable to find that the weight of the testimony is greater on one side than the other.

"As it is incumbent upon the plaintiffs to prove their case by the greater weight of the evidence the judgment must be, and is, that the petition be dismissed, and that the defendant recover its costs. Exceptions."

The trial judge was the trier of the determinative facts. It does not appear that his conclusion is manifestly against the weight of the evidence.

Judgment affirmed.

BARNES, P. J., HORNBECK and GEIGER, JJ., concur.